**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Chambers of** | **101 West Lombard Street** |
| **Douglas R. Miller** | **Baltimore, Maryland 21201** |
| **United States Magistrate Judge** | **MDD_DRMChambers@mdd.uscourts.gov** |
| | **(410) 962-7770** |

March 31, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Vallaree D. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 25-0644-DRM

Dear Counsel:

On February 26, 2025, Plaintiff Vallaree D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 7, and the parties' briefs, ECF Nos. 12, 20, and 21. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 29, 2021, alleging a disability onset of April 1, 2019. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 118-122. On November 16, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33-58. Following the hearing, on December 29, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 17-24. The Appeals Council denied Plaintiff's request for review, Tr.

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on February 26, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Vallaree D. v. Bisignano*
Civil No. 25-0644-DRM
March 31, 2026
Page 2

1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of April 1, 2019, through her date last insured of December 31, 2020." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the medically determinable impairments of "obesity, alcohol use disorder, and anxiety." Tr. 20. The ALJ also determined that Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for [twelve] consecutive months; therefore, [Plaintiff did] not have an impairment or combination of impairments" that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 20. The ALJ did not proceed with the sequential evaluation, having the ALJ found at step two that Plaintiff was not disabled. Tr. 20-24.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

*Vallaree D. v. Bisignano*
Civil No. 25-0644-DRM
March 31, 2026
Page 3

## IV.    <u>ANALYSIS</u>

On appeal, Plaintiff raises several challenges to the ALJ's step-two determination. ECF No. 12 at 8. Plaintiff argues that the ALJ misapplied the *de minimis* severity standard by concluding that Plaintiff's impairments were non-severe despite record evidence showing ongoing symptoms and treatment. *Id.* Plaintiff further asserts that the ALJ failed to evaluate her chronic major depressive disorder as a medically determinable impairment, did not assess the combined effects of her impairments, and improperly discounted her subjective complaints by relying on isolated normal findings while failing to consider the longitudinal record, medication side effects, and other relevant factors. *Id.* at 8-15.

In response, the Commissioner contends that the ALJ's decision is supported by substantial evidence and reflects a proper application of the governing regulations. ECF No. 20 at 7. The Commissioner argues that the ALJ reasonably evaluated the medical evidence and Plaintiff's reported symptoms and concluded that her impairments did not result in more than minimal functional limitations for the requisite twelve-month period. *Id.* at 7-16. The Commissioner further asserts that Plaintiff's arguments improperly ask the Court to reweigh the evidence, which is beyond the scope of judicial review. *Id.* at 7. Plaintiff maintains in her reply that the Commissioner's arguments rely on *post hoc* rationalizations and do not cure the deficiencies in the ALJ's analysis. ECF No. 21 at 1-4. Plaintiff reiterates that the ALJ failed to build a logical bridge between the evidence and the conclusion that her impairments were non-severe and argues that remand is required for proper application of the step-two standard. *Id.*

The Court finds that the ALJ did not provide an adequate analysis for the determination that Plaintiff's depression did not constitute a medically determinable impairment.

At step two of the five-step sequential evaluation process, an ALJ must determine whether a claimant has any "medically determinable impairments" and, if so, whether any one, or any combination, of these impairments is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 1523(c). The step two severity test is "[o]rdinarily . . . not a difficult hurdle for the claimant to clear." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 474 n.1 (4th Cir. 1999); *see Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement.").

To be "medically determinable," the impairment "must be established by objective medical evidence from an acceptable medical source." *Kareem H. v. O'Malley*, CDA-23-1493, 2024 WL 3378016, at *2 (D. Md. July 11, 2024) (quoting 20 C.F.R. §§ 404.1521, 416.921). "The SSA defines 'objective' evidence as 'anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* The regulations are less clear as to the threshold showing needed to trigger an ALJ's obligation to consider, and explain, whether a claimant has a specific medically determinable impairment.

Regardless of the precise threshold, it is difficult to see how it could not be met for depression in this case given that the ALJ found anxiety to be a medically determinable condition,

*Vallaree D. v. Bisignano*
Civil No. 25-0644-DRM
March 31, 2026
Page 4

Tr. 20; the ALJ discussed anxiety and depression collectively in the decision, Tr. 23; and the record is replete with references to the two conditions in combination (the phrase "anxiety and depression" appears forty-three times in the record; "depression and anxiety" appears another fifteen times). Yet, the ALJ provided no explanation as to why she did not find Plaintiff's depression to be medically determinable despite finding that Plaintiff's anxiety was.

In *Ashley B. v. Bisignano*, this Court held that the ALJ failed to adequately analyze whether an alleged condition constituted a medically determinable impairment. No. DRM-25-0376, 2026 WL 828937, at *3 (D. Md. Mar. 26, 2026) The Court remanded because the ALJ did not meaningfully address the claimant's neurogenic bladder at step two and instead offered only a cursory, conclusory statement elsewhere in the decision, without applying the regulatory standard or explaining the basis for the finding. *Id.* Without any such analysis, the Court held it could not determine whether substantial evidence supported the ALJ's determination. *Id.* Here, the ALJ committed the same error and did not determine whether Plaintiff's depression constituted a medically determinable impairment at all. *See* Tr. 20-24.

Here, the ALJ identified obesity, alcohol use disorder, and anxiety as medically determinable impairments, but omitted any discussion of depression at step two despite acknowledging that Plaintiff was taking medication for depression and anxiety and reported related symptoms during the relevant period. Tr. 23. The ALJ then proceeded to evaluate Plaintiff's mental functioning and symptoms in concluding that Plaintiff had only "mild" limitations and no severe impairment. *Id.* The ALJ did not provide any further explanation regarding why Plaintiff's depression did not constitute a medically determinable impairment. Without such analysis, the Court cannot determine whether substantial evidence supported the ALJ's determination. *See* *Jackie T. v. Kijakazi*, No. BAH-22-1309, 2023 WL 1424573, at *3 (D. Md. Jan. 30, 2023) ("Because severity is not a high bar, an analysis of the medical evidence is essential. . . . Without such analysis, this Court cannot determine whether the ALJ's Step Two determination was based on substantial evidence.") (quoting *Exum v. Astrue*, No. SAG-11-2073, 2012 WL 5363445, at *2 (D. Md. Oct. 26, 2012)).

If the rejection of depression as a medically determinable impairment was not supported by substantial evidence, the error may have been consequential. Had the ALJ determined depression to be medically determinable, she would then have been obligated to consider whether it was severe—alone or in combination with the other impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1523(c). If so, she would have then continued with the sequential evaluation process instead of terminating it at step two. 20 C.F.R. § 404.1520(a)(4)(ii).

It is also not entirely accurate to say, as Defendant contends, that the record lacks objective support for Plaintiff's alleged mental impairments or reflects only "largely normal" findings during the insured period. ECF No. 20 at 8. For example, in April 2020, Plaintiff presented with "anxious, irritable, and depressed" mood. Tr. 794-95. In June 2020, providers documented "anxious and depressed mood," impaired insight and judgment, and abnormalities in thought processes, including hallucinations and disorganized thinking. Tr. 786-87. Earlier treatment notes likewise reflect severe symptoms, including panic attacks and hallucinations, as reflected in Plaintiff's

*Vallaree D. v. Bisignano*
Civil No. 25-0644-DRM
March 31, 2026
Page 5

testimony and treatment history during the relevant period. *See* Tr. 20, 23. While Defendant emphasizes the absence of constituent abnormal findings, "SSR 96-8p makes clear that limitations resulting from impairments may derive either from a claimant's allegations or from 'information in the case record that there is such a limitation[.]'" *Kareem H.*, at *3 (quoting Social Security Ruling 96-8p, 1996 WL 374184 at *3 (July 2, 1996)). "Whether such information exists is for the ALJ to determine in the first instance." *Id.* (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). It is possible that, had the ALJ considered this evidence, she might have nonetheless concluded that Plaintiff's depression was not a medically determinable impairment.  But that is not for this Court to speculate.

Because the case is being remanded on the foregoing grounds, the Court need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    **<u>CONCLUSION</u>**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge